IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

GREG HORTON, )
)
    Plaintiff, )
)
v. ) Case No. 10-CV-524-GKF-FHM
)
HOLLY CORPORATION; HOLLY )
REFINING & MARKETING-TULSA, )
L.L.C., and BROCK SERVICES, LTD., )
)
    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the Motion for Summary Judgment [Dkt. # 51] of defendant Brock Services, Ltd. The parties presented arguments on the motion on November 10, 2011.

On January 14, 2010, plaintiff Greg Horton ("Horton") was scalded when a large amount of hot water at approximately 220 degrees Fahrenheit came gushing out of a Coke drum in use at the Holly Refinery in Tulsa, Oklahoma. Horton alleges that Brock Services was negligent because scaffolding it erected on a refinery catwalk north of the Coke drums impeded his access to the ladder exit on the northwest side of the catwalk, thereby exacerbating his injuries because he was forced to turn around and escape down the only other available catwalk, causing him further exposure and injury to scalding water.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, [the court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1264

(10th Cir.2007) (quotation marks and citation omitted). "Where the nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and identify specific facts that demonstrate the existence of an issue to be tried by the jury." *Id.* (quotation marks and citation omitted). To survive a motion for summary judgment, the nonmovant "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

Brock Services asserts two arguments in its motion. First, it contends it did not breach any duty. In support, it contends expert testimony is necessary for Horton to establish that it deviated from industry standards, and that Horton's expert J.P. Purswell is not an expert in "scaffold custom or practice." Second, Brock Services contends that Horton's injuries were not proximately caused by Brock's beach of duty.

As for the first argument, it's important to note that Brock Services does not dispute it owed Horton a duty. It contends it did not breach its duty to Horton. Brock Services cites *Boxberger v. Martin*, 552 P.2d 370, 373 (Okla. 1976), for the general rule that expert testimony is ordinarily necessary to establish causation in a professional liability cases. Unlike *Boxberger*, a medical malpractice case against a board certified orthopedic surgeon, this is not a professional liability case. Even if it were, the general rule is subject to an exception – expert testimony is not required where the "lack of care has been such as to require only common knowledge and experience to understand and judge it." *Id.* Expert testimony "is not required to establish the cause of an objective injury where there is competent evidence, without such testimony, to establish the cause with reasonable certainty. *Id.* The facts presented at summary judgment appear to be such that a jury of citizens with common knowledge and experience can understand and whether the scaffolding caused plaintiff additional scalding injuries. Horton's argument is simple, straightforward and direct –

2

Brock Services controlled how the scaffolding is designed and built, the scaffolding could have been designed and built so that it would not impede or obstruct the catwalk at all, and the scaffolding blocked Horton's egress from the scalding water.

This case is not like *Twyman v. GHK Corp.*, cited by Brock Services, where the "injury [was] of a nature requiring a skilled and professional person to determine cause and the extent thereof," and "the scientific question presented must necessarily be determined by testimony of skilled and professional persons." *Twyman v. GHK Corp.*, 93 P.3d 51, 57 (Okla. Civ. App. 2004). Mr. Horton's injuries are not of a nature requiring a skilled and professional [scaffolding expert] to determine the cause and extent thereof.

Brock Services also contends that expert testimony is necessary at trial on the issue of whether it deviated from "the professional standard of care for scaffold construction and practice." Again, this is not a medical malpractice or other professional negligence case where expert testimony is required. Although expert testimony as to scaffolding industry standards might be helpful to the jury in assessing the alleged negligence, it does not appear to be essential in this particular case.

Plaintiff Horton has presented evidence at summary judgment that the scaffolding erected by defendant Brock Services partially obstructed a walkway and exit, and that the scaffolding could have been designed and built so as not to impede or obstruct the walkway or exit. Upon review of the briefs and evidentiary materials contained therein, as well as the oral arguments of counsel, this court concludes that a genuine issue of material fact exists for trial as to whether defendant Brock Services breached a duty to plaintiff Horton.

The court turns next to Brock Service's second argument, that Horton's injuries were not proximately caused by Brock's beach of duty.

3

"Actionable negligence requires that the act complained of be the *direct cause* of the harm for which liability is sought to be imposed." *Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997). An event's direct (proximate) cause is that "which in a natural and continuous sequence, unbroken by an independent cause, produces the event and without which the event would not have occurred." Id., quoting *Johnson v. Mid-South Sports, Inc.*, 806 P.2d 1107, 1109 (Okla. 1991). For negligence to be a direct cause, it is necessary that some injury to a person in Horton's situation must have been a reasonably foreseeable result of negligence. *See* Oklahoma Uniform Jury Instruction No. 9.6. The Oklahoma Supreme Court has stated on multiple occasions that "[w]henever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person . . . will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises . . ." *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1232 (Okla. 1981); *Rose v. Sapulpa Rural Water Co.*, 631 P.2d 752 (Okla. 1981); *Foster v. Harding*, 426 P.2d 355 (Okla. 1967); *Lisle v. Anderson*, 159 P. 278 (Okla. 1916).

Proximate cause will not lie, and a plaintiff's negligence will fail, if an intervening or superseding cause is found that breaks the connection between defendant's act and plaintiff's injury. *Jackson v. Jones*, 907 P.2d 1067, 1073 (Okla. 1995). To rise to the magnitude of superseding cause, which will insulate the original actor from liability, the new cause must be (1) independent of the original act; (2) adequate of itself to bring about the result; and (3) one whose occurrence was not reasonably foreseeable to the original actor. *Graham v. Keuchel*, 847 P.2d 342, 348 (Okla. 1993).

In a negligence case, the question of proximate cause is generally one of fact for the jury. *Id.* at 1072-73. It becomes a question of law only when there is no evidence from which a jury could reasonably find a causal nexus between the act and the injury. *Id.*; *see also Keel*, 639 P.2d at 1232, quoting *Atherton v. Devine*, 602 P.2d 634 (Okla. 1979). The issue of whether there is any

4

competent evidence that would support a jury finding of causation is a question of law for the court. *Id.*

In this case, a reasonable jury might conclude it was foreseeable to Brock Services that, in the event of an emergency, someone would need to use the obstructed catwalk as a means of escape. The blocked escape path arguably prolonged Horton's exposure to scalding water and steam, thus exacerbating his injuries. A question of fact remains for the jury on the issue of intervening or superseding cause, specifically, whether the intervening act was sufficient in itself to bring about the result and whether the occurrence was not reasonably forseeable.

WHEREFORE, the Motion for Summary Judgment of defendant Brock Services [Dkt. # 51] is denied.

IT IS SO ORDERED this 15th day of November, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma